UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  THE MATTER OF MAGNOLIA MARINE TRANSPORT COMPANY AS OWNER AND OPERATOR OF THE M/V KATHERINE BERRY PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 3:17-cv-00645<br><br>JUDGE BRIAN A. JACKSON<br><br>MAG. JUDGE ERIN WILDER-DOOMES |

**MEMORANDUM IN SUPPORT OF MAGNOLIA MARINE TRANSPORT COMPANY'S MOTION TO TRANSFER VENUE**

**MAY IT PLEASE THE COURT:**

Petitioner, Magnolia Marine Transport Company ("Magnolia Marine"), respectfully submits this Memorandum in Support of its Motion to Transfer Venue, pursuant to Rule F(9) of the Supplemental Rules for Admiralty and Maritime Claims and 28 U.S.C. § 1404(a).  For the reasons below, Magnolia Marine's motion should be granted.  This case should be transferred to the Western District of Louisiana, Monroe Division.  Alternatively, it should be transferred to the Southern District of Mississippi.

**SUMMARY OF ARGUMENT**

Plaintiff, Madriquez Carr, has brought general maritime law personal injury and Jones Act claims against his employer, Magnolia Marine, and another vessel owner, Ergon Marine Industrial Supply ("EMIS").[1]  Plaintiff's injury occurred during a transfer of goods between an EMIS vessel and a Magnolia Marine vessel in the Mississippi River near Vicksburg, Mississippi.

---

[1] Plaintiff's claim against EMIS was made in Civil Action No. 17-00647.  While that matter has been transferred to this division, there has not yet been an order of consolidation.

There is virtually no substantive connection between this case and the Middle District of Louisiana.  The incident in which Claimant, Mardriquez Carr ("Carr"), was purportedly injured did not occur in the Middle District of Louisiana.  Further, none of the witnesses to the alleged incident reside in the Middle District of Louisiana, nor are any documents or other evidence located in this District.  Even further, Carr is not a resident of the Middle District of Louisiana, and neither Magnolia Marine nor Ergon Marine Industrial Supply is incorporated in Louisiana or maintains its principal places of business here.  The only connection between this case and the Middle District of Louisiana is the fact that Magnolia Marine, like countless other businesses, has a registered agent for service of process in this District.

Pursuant to Rule F(9) of the Supplemental Rules for Admiralty and Maritime Claims and 28 U.S.C. § 1404(a), this case should be transferred to the Western District of Louisiana, Monroe Division.  Alternatively, this case should be transferred to the Southern District of Mississippi, Jackson Division.  Indeed, the underlying incident is alleged to have occurred on the Mississippi River along the Louisiana-Mississippi state border, either in (1) Madison Parish, Louisiana, which is within the Western District of Louisiana, or (2) Warren County, Mississippi, which is within the Southern District of Mississippi.  Further, Carr is a resident of Hinds County, Mississippi, also within the Southern District of Mississippi.  Magnolia Marine and EMIS are incorporated and maintain their principal business offices in Vicksburg, Mississippi.  Even further, and of paramount significance, all of the witnesses to the alleged incident reside in the Southern District of Mississippi, and all of the documents and evidence relevant to this case and Carr's underlying claims are located in the Western District of Louisiana and the Southern District of Mississippi.

Both the Monroe Division of the Western District of Louisiana and the Southern District of Mississippi bear a much stronger connection to this case than the Middle District of Louisiana, and a transfer to either court would better serve the parties, witnesses, and the interest of justice. As set forth below, the factors enumerated by the Fifth Circuit for district courts to consider in resolving transfer-of-venue issues under Supplemental Rule F(9) and 28 U.S.C. § 1404(a) weigh strongly in favor of transferring this case from the Middle District of Louisiana. Plainly, this case is ripe for transfer to the Western District of Louisiana, Monroe Division, or the Southern District of Mississippi, Jackson Division.

## FACTUAL AND PROCEDURAL BACKGROUND

The case stems from an alleged accident and injury sustained by Claimant, Mardriquez Carr ("Carr") on October 21, 2016 while he was allegedly working as a seaman for Magnolia Marine on the M/V KATHERINE BERRY, a vessel owned and operated by Magnolia Marine. On or about January 9, 2017, Carr filed suit against Magnolia Marine and Ergon Marine & Industrial Supply, Inc. ("EMIS") in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[2]

On September 14, 2017, Magnolia Marine filed a Complaint for Exoneration From or Limitation of Liability in this Court seeking exoneration from any liability or in the alternative to limit its liability to the post-incident value of the M/V KATHERINE BERRY.[3] EMIS, who owns and operates the M/V BV 379, and Carr filed Answers and Claims in the Limitation

---

[2] Exhibit "A," Petition for Damages.

[3] R. Doc. 1.

Action.[4]  EMIS also filed a Complaint for Exoneration From or Limitation of Liability in this Court, which is pending under Civil Action No. 17-CV-00647-BAJ-EWD.  The cases have not yet been consolidated.

Carr is domiciled in and is a resident of Hinds County, Mississippi.[5]  Magnolia Marine is a Mississippi corporation with its principal place of business near Jackson, Mississippi, in Rankin County.[6]  EMIS is also a Mississippi corporation with its principal place of business in Vicksburg, Mississippi, which is in Warren County.[7]  Neither Magnolia Marine nor EMIS has any officers or business offices in Louisiana.[8]

The incident in which Carr was allegedly injured occurred on the Mississippi River, either in (1) Madison Parish, Louisiana, which is within the Western District of Louisiana, or (2) Warren County, Mississippi, which is within the Southern District of Mississippi.  In fact, Carr has taken the position that the incident occurred in Madison Parish, Louisiana, which can be accepted as true for purposes of this Motion.[9]  Regardless of whether the accident occurred in

---

[4] R. Docs. 4 and 8.  On April 17, 2018, Carr filed a motion to dismiss Magnolia Marine's Limitation Action for lack of subject matter jurisdiction, which has been fully briefed and submitted to the Court for decision.  R. Docs. 13, 14, 17, 20.

[5] Exhibit "A," Petition for Damages, ¶II(3).

[6] *Id.*, ¶III(4); *see also* Exhibit "B," Declaration of Roger Harris, ¶¶4–5.

[7] *See* Exhibit "A," Petition for Damages, ¶II(5); Exhibit "C," Declaration of Danny Koestler, ¶¶4–5.

[8] Exhibit "B," Declaration of Roger Harris, ¶¶4–5; Exhibit "C," Declaration of Danny Koestler, ¶¶4–5.

[9] Exhibit "D," Carr's Opposition to Exception of Improper Venue or Alternative Motion to Dismiss for Forum Non Conveniens in the 19th Judicial District Court for East Baton Rouge Parish, pp. 2–3, 6.

{N3633753.1}

Louisiana or Mississippi waters, it is undisputed that the incident did not occur in the Middle District of Louisiana.[10]

Furthermore, no witnesses to the incident are located in East Baton Rouge Parish or any other parish within the Middle District of Louisiana.[11] Nor are any documents or evidence located in the Middle District of Louisiana. Rather, all of the witnesses to the alleged incident and relevant evidence are located in the Southern District of Mississippi and the Western District of Louisiana.[12]

## LEGAL STANDARD

Venue in a limitation-of-liability action is governed by Rule F(9) of the Supplemental Rules for Admiralty and Maritime Claims, which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, the court may transfer the action to any district." FED. R. CIV. P., SUPP. R. F(9).

"Rule F(9) was drafted to conform closely to the language of the federal transfer statute, 28 U.S.C. § 1404(a), except that Rule F(9) allows transfer to any district for convenience, while Section 1404(a) only permits transfer to a district where the action might have been brought or where all parties consent to have it heard." *In re BOPCO, L.P.*, No. H-12-1622, 2012 U.S. Dist. LEXIS 131362, at *3 (S.D. Tex. Sept. 14, 2012) (citing FED. R. CIV. P., SUPP. R. F(9), advisory committee note; 28 U.S.C. § 1404(a)). In other words, the law requires that limitation actions be initiated in the federal district court encompassing the state court in which the plaintiff asserted

---

[10] *See id.*

[11] Exhibit "B," Declaration of Roger Harris, ¶6; Exhibit "C," Declaration of Danny Koestler, ¶6.

[12] Exhibit "B," Declaration of Roger Harris, ¶¶4–5; Exhibit "C," Declaration of Danny Koestler, ¶¶4–5.

his or her claims, but the limitation action need not remain there. *See, e.g., In re Chevron U.S.A., Inc.*, No. 90-1685, 1990 U.S. Dist. LEXIS 13831, at \*3 (E.D. La. 1990). Indeed, the law specifically allows for limitation actions to be transferred to a more convenient forum pursuant to Supplemental Rule F(9) and 28 U.S.C. § 1404(a). *See* FED. R. CIV. PROC., SUPP. R. F(9) ("For the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to **any district**." (emphasis added)); *see also In re BOPCO, L.P.*, 2012 U.S. Dist. LEXIS 131362, at \*4; *In re TLC Marine Servs.*, 900 F. Supp. 54, 56 (E.D. La. 1995) (transferring limitation action to the Eastern District of Louisiana, despite pendency of plaintiff's personal-injury case in state court in Texas).

Ultimately, the factors to be considered by the Court in deciding whether a transfer is appropriate under Supplemental Rule F(9) are the same as those developed under the federal transfer statute, 28 U.S.C. § 1404(a). *See In re MMD Marine, Inc.*, No. 13-202-JJB-SCR, 2013 U.S. Dist. LEXIS 119381, at \*5 (E.D. La. Aug. 21, 2013); *In re TLC Marine Servs.*, 900 F. Supp. 54, 56 (E.D. La. 1995); *In re Alamo Chem. Transp. Co.*, 323 F. Supp. 789, 791 (S.D. Tex. 1970). Pursuant to 28 U.S.C. § 1404(a), the venue of any civil action may be transferred "for the convenience of the parties and witnesses, in the interest of justice." Courts in the Fifth Circuit have recognized that "[t]he purpose of § 1404(a) is 'to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Ecoproduct Solutions, L.P. v. MMR Contractors, Inc.*, No. H-06-3671, 2007 U.S. Dist. LEXIS 91944, at \*2 (S.D. Tex. Dec. 14, 2007) (quoting *State Street Capital Corp. v. Dente*, 855 F. Supp. 192, 197 (S.D. Tex. 1994)).

The decision to transfer venue under Supplemental Rule F(9) and 28 U.S.C. § 1404(a) is committed to the district court's sound discretion, exercised in light of the particular facts and

{N3633753.1}

circumstances of each case. *See, e.g., Mills v. Beech Aircraft Corp.*, 886 F.2d 751, 761 (5th Cir. 1989); *see also Norman v. H&E Equip. Servs.*, No. 3:14-CV-367, 2015 U.S. Dist. LEXIS 34928, at *13 (M.D. La. Mar. 20, 2015); *Amini Innovation Corp. v. Bank & Estate Liquidators, Inc.*, 512 F. Supp. 2d 1039, 1041 (S.D. Tex. 2007) (citing *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988)). To this end, it must be noted that while Section 1404 was drafted in accordance with the doctrine of *forum non conveniens*, the standard for transfer pursuant to Section 1404 is **much less stringent**, and the district court's discretion under Section 1404 is **broader** than in the context of *forum non conveniens. See, e.g., Piper Aircraft Co. v. Raynaud*, 454 U.S. 235, 254 (1981), *reh'g denied*, 455 U.S. 928 (1982). This is because a transfer under Section 1404 is a less severe procedural measure than a dismissal under the doctrine of *forum non conveniens. See Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Importantly, "[i]f the motion seeks a change of forum within the federal system, 28 U.S.C. § 1404(a) applies instead of the doctrine of *forum non conveniens*." *Bastoe v. Sterling Drug, Inc.*, 683 F. Supp. 586, 586 (S.D. Miss. 1988) (citation omitted).

In considering a motion to transfer venue under Supplemental Rule F(9) and 28 U.S.C. § 1404(a), the district court looks to a variety of factors in deciding whether to transfer the case to the transferee court. *See, e.g., Taylor v. Teco Barge Line, Inc.*, No. 06-6094, 2008 U.S. Dist. LEXIS 10407, at *7–8 (E.D. La. Feb. 12, 2008). The Fifth Circuit has enumerated the relevant factors, none of which is given dispositive weight, as follows:

> The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and

(4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law."

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*") (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*")).

The final private interest factor "has been distilled to include the cost of obtaining witnesses and other trial expenses, the possibility of delay and prejudice if transfer is granted, and the situs of material events and place of the alleged wrong." *Allen v. Ergon Marine & Indus. Supply*, No. 08-4184, 2008 U.S. Dist. LEXIS 91946, at *7 (E.D. La. Oct. 31, 2008) (citing *Roulston v. Yazoo River Towing, Inc.*, No. 03-2791, 2004 U.S. Dist. LEXIS 14388, at *3 (E.D. La. July 26, 2004)). Indeed, "[t]he place of the alleged wrong is one of the more important factors in venue determinations." *Devon Energy Prod. Co., L.P. v. GlobalSantaFe S. Am.*, No. H-06-2992, 2007 U.S. Dist. LEXIS 33081, at *26 (S.D. Tex. May 4, 2007) (emphasis added) (citing *Lemery v. Ford Motor Co.*, 244 F. Supp. 2d. 720, 732 (S.D. Tex. 2002)); *see also Gaytan v. City of Rockdale Police Dep't*, No. A-07-CA-884-LY, 2008 U.S. Dist. LEXIS 55534, at *17 (W.D. Tex. July 22, 2008).

## LAW AND ANALYSIS

**I.** **Supplemental Admiralty Rule F(9) Specifically Allows for this Limitation Action To Be Transferred For Convenience.**

This matter was filed in the Middle District of Louisiana only because Carr's underlying personal-injury lawsuit is pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The law requires that limitation-of-liability proceedings be initiated in the federal district court that encompasses the state court in which the plaintiff asserted his or her claims, but the limitation action need not remain there. *See, e.g., In re Chevron U.S.A., Inc.*, 1990 U.S. Dist. LEXIS 13831, at *3. Indeed, as noted above, the law specifically allows for

limitation actions to be transferred to a more convenient forum pursuant to Supplemental Rule F(9) and 28 U.S.C. § 1404(a). *See* FED. R. CIV. PROC., SUPP. R. F(9) ("For the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district."); *see also In re TLC Marine Servs.*, 900 F. Supp. at 56 (transferring limitation action to the Eastern District of Louisiana for convenience, despite pendency of plaintiff's personal-injury case in state court in Texas).

As such, a transfer of this case from the Middle District of Louisiana is legally available and clearly warranted.

**II.    The Relevant Factors Weigh in Favor of Transferring this Case to the Western District of Louisiana, Monroe Division.  In the Alternative, the Factors Weigh in Favor of Transferring this Case to the Southern District of Mississippi.**

In this case, as set forth fully below, the private and public interest factors enumerated by the Fifth Circuit for district courts to consider in deciding whether to transfer a case under Section 1404(a) weigh in favor of transfer.  Indeed, the vast majority of the relevant factors, on balance, favor transferring this case from the Middle District of Louisiana to the Monroe Division of the Western District of Louisiana or, alternatively, the Southern District of Mississippi.

**A.    Private Interest Factors**

**1.    Relative Ease of Access to Sources of Proof**

Courts have recognized that the first private interest factor is of "decreased significance in light of electronic transfers of information." *See R.T. Casey, Inc. v. Cordova Tel. Coop., Inc.*, No. 11-2794, 2012 U.S. Dist. LEXIS 49248, at *8 (E.D. La. Apr. 9, 2012); *RLI Ins. Co. v. Allstate Mut. Ins. Co.*, No. 3:07-CV-1256-M, 2008 U.S. Dist. LEXIS 42448, at *2 (N.D. Tex. May 28, 2008).  Yet, "the relative ease of access to sources of proof is still a factor to consider in

resolving a transfer motion." *R.T. Casey, Inc.*, 2012 U.S. Dist. LEXIS 49248, at *8 (citing *Volkswagen II*, 545 F.3d at 316).

Here, the parties would enjoy a much easier and more fluid access to sources of proof in the Western District of Louisiana or, alternatively, in the Southern District of Mississippi. As noted above, Carr has conceded in his state-court lawsuit that the alleged injury-causing incident occurred on the Mississippi River in Madison Parish, Louisiana, which is located within the Monroe Division of the Western District of Louisiana.[13]  In other words, Carr agrees that the incident did not occur in the Middle District of Louisiana; in fact, there is no dispute that the incident occurred more than 100 miles away along the northern Louisiana-Mississippi state border.[14]  Thus, a transfer to the Monroe Division of the Western District of Louisiana would necessarily lend itself to a relatively easier access to proof than in the Middle District of Louisiana in Baton Rouge, which is much farther away from the alleged incident location than the federal district court in Monroe.

Alternatively, the parties would certainly enjoy an easier access to proof in the Southern District of Mississippi, Jackson Division, where the Plaintiff lives and where both Magnolia Marine and EMIS are incorporated and maintain their principal places of business.[15] Documentary evidence maintained by Magnolia Marine and EMIS is located, respectively, in Jackson and Vicksburg, Mississippi. The federal district court for the Southern District of Mississippi encompasses both Jackson and Vicksburg. Even further, Carr's medical providers

---

[13] Exhibit "D," Carr's Opposition to Exception of Improper Venue or Alternative Motion to Dismiss for Forum Non Conveniens in the 19th Judicial District Court for East Baton Rouge Parish, pp. 2–3, 6.

[14] *Id.*

[15] Exhibit "E," Deposition of Mardriquez Carr, p. 12:9–24; Exhibit "B," Declaration of Roger Harris, ¶¶4–5; Exhibit "C," Declaration of Danny Koestler, ¶¶4–5.

are located in Jackson, Mississippi, so transferring the case there makes sense and would prove more efficient from a medical causation and damages perspective.[16]

### 2.    The Availability of Compulsory Process to Secure the Attendance of Witnesses

This factor considers the availability of the compulsory process to secure non-party witnesses. *Wallace v. Bd. of Supervisors for the Univ. of La. System*, No. 14-657-SDD-RLB, 2015 U.S. Dist. LEXIS 56523, at *13 (M.D. La. Apr. 30, 2015). Courts in the Fifth Circuit have recognized that the availability and convenience of witnesses is an important factor under § 1404(a). *See, e.g., R.T. Casey, Inc.*, 2012 U.S. Dist. LEXIS 49248, at *9 (citations omitted). A venue that has "absolute subpoena power for both deposition and trial" is favored over one that does not. *Volkswagen II*, 545 F.3d at 315.

Pursuant to Federal Rule of Civil Procedure 45(c), federal district courts have the power to subpoena witnesses within 100 miles of the trial, deposition, or hearing. A subpoena that requires a witness to travel more than 100 miles is invalid and subject to a motion to quash. *See, e.g., Miller v. Jantran, Inc.*, No. 11-2544, 2012 U.S. Dist. LEXIS 79656, at *9 (E.D. La. June 8, 2012).

The Middle District of Louisiana courthouse, which is located at 777 Florida Avenue in Baton Rouge, Louisiana, and is more than 170 miles from the location of the incident in Madison Parish, Louisiana.[17] More importantly, the Middle District of Louisiana courthouse is even

---

[16] This factor weighs in favor of transfer.

[17] While "nonparty witnesses can be required to travel more than 100 miles within the state where they reside, are employed, or regularly transact business," such witnesses would be subject to the subpoena power of the Middle District of Louisiana only if they would not incur a "substantial expense" as a result. FED. R. CIV. P. 45(c)(iii). Thus, even assuming there were witnesses to the alleged incident in Madison Parish, Louisiana, this Court would then be required to "independently determine" whether each such nonparty witness would incur a "substantial expense" if required to travel to Baton Rouge for trial. *See Johnson v. Union Pac. R.R. Co.*, No.

farther from Vicksburg, Mississippi, which is located on the far side of the Mississippi River from Madison Parish—in a different state—where all of the witnesses are located. Indeed, the evidence is clear that all witnesses to the alleged injury-causing incident reside in Mississippi.[18] Further, Plaintiff's primary medical provider, Dr. Linaweaver, is located in Jackson, Mississippi.[19] As such, this Court, sitting more than 170 miles away in Baton Rouge, Louisiana, will be unable to subpoena the necessary witnesses, all of whom reside in Mississippi.

Because all of the witnesses reside in Mississippi more than 100 miles away,[20] this Court lacks the requisite subpoena power to require those witnesses to appear for deposition or trial. Accordingly, this factor favors transfer, since it is well-settled that a venue with "absolute subpoena power for both deposition and trial" is favored over one that does not. *Volkswagen II*, 545 F.3d at 315.

### 3.    The Cost of Attendance for Willing Witnesses

The third private interest factor is the cost of attendance for willing witnesses. In *Volkswagen I*, the Fifth Circuit established a "100-mile" threshold, which provides: "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–05; *see also Wallace*,

---

2015 U.S. Dist. LEXIS 161605, at *10 (E.D. La. Dec. 2, 2015). The very fact that this Court would be required to make such a determination with respect to each nonparty witness in Madison Parish favors transfer. *Id.*

[18] Exhibit "B," Declaration of Roger Harris, ¶6; Exhibit "C," Declaration of Danny Koestler, ¶6.

[19] Exhibit "E," Deposition of Mardriquez Carr, pp. 193:25–194:14.

[20] Exhibit "B," Declaration of Roger Harris, ¶6; Exhibit "C," Declaration of Danny Koestler, ¶6.

{N3633753.1}

12

2015 U.S. Dist. LEXIS 56523, at *15.  The Fifth Circuit further reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Volkswagen I*, 371 F.3d at 205.

**Importantly, where "nearly all of the nonparty [and party] witnesses that will testify concerning disputed issues reside elsewhere, this factor weighs in favor of transferring the case."** *Util. Constructors, Inc. v. Liberty Mutual Ins. Co.*, No. 3:15-CV-00501-JWD-RLB, 2016 U.S. Dist. LEXIS 97895, at *21–22 (M.D. La. July 25, 2016) (emphasis added) (citing *Frederick v. Advanced Fin. Solutions, Inc.*, 558 F. Supp. 2d 699, 704 (E.D. Tex. 2007)).  Here, Magnolia Marine knows of no witness in this case who resides within the Middle District of Louisiana. Rather, the evidence is clear that all witnesses to the incident reside in and around Vicksburg, Mississippi,[21] which is more than 170 miles away from the Middle District of Louisiana courthouse.  This factor weighs heavily in favor of transfer.

### 4.    All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

As noted above, the final private interest factor is a catch-all and "has been distilled to include the cost of obtaining witnesses and other trial expenses, the possibility of delay and prejudice if transfer is granted, and the situs of material events and place of the alleged wrong." *Allen*, 2008 U.S. Dist. LEXIS 91946, at *7 (citing *Roulston*, 2004 U.S. Dist. LEXIS 14388, at *3).  Indeed, "**[t]he place of the alleged wrong is one of the more important factors in venue**

---

[21] Exhibit "B," Declaration of Roger Harris, ¶6; Exhibit "C," Declaration of Danny Koestler, ¶6.

**determinations**."    *Devon Energy Prod. Co., L.P.*, 2007 U.S. Dist. LEXIS 33081, at \*26

(emphasis added) (citation omitted).

Here, it is clear that the incident did not occur in the Middle District of Louisiana.  Carr

himself has taken the position that the incident occurred in Madison Parish, Louisiana,[22] which is

squarely within the Monroe Division of the Western District of Louisiana.  In his state court

lawsuit, Carr has argued that the incident in which he was allegedly injured occurred on "a bend

in the river just north of Vicksburg, in the area where a portion of the entire river—from bank to

bank—is within Louisiana's borders."[23]  Specifically, Carr has argued that the incident actually

occurred in Madison Parish on the Louisiana side of the Mississippi River from Vicksburg.[24]

Ultimately, at no point in this case has any party taken the position that the incident occurred in

East Baton Rouge Parish or any other parish within the Middle District of Louisiana.  The

incident, in fact, did not occur within the Middle District of Louisiana.  Thus, this factor favors

transfer.

        **B.**        **Public Interest Factors**

        **1.**        **The Administrative Difficulties Flowing from Court Congestion**

In applying the first public-interest factor, courts "consider time between filing suit and

trial." *Util. Constructors, Inc.*, 2016 U.S. Dist. LEXIS 97895, at \*24 (citing *Broussard v. First*

*Tower Loan, LLC*, 135 F. Supp. 3d 540, 548 (E.D. La. 2015)).  Notably, "this factor is not

entitled to much weight because it is the most speculative, and this factor alone should not

---

[22] Exhibit "D," Carr's Opposition to Exception of Improper Venue or Alternative Motion to Dismiss for Forum Non Conveniens in the 19th Judicial District Court for East Baton Rouge Parish, pp. 2–3, 6.

[23] *Id.*, p. 6.

[24] *Id.*, pp. 2–3.

{N3633753.1}

outweigh the other factors." *Id.*  There is no evidence to suggest that a transfer from the Middle District of Louisiana to the Western District of Louisiana or the Southern District of Mississippi would cause administrative difficulties or result in court congestion.  In fact, the opposite appears to be true.  A review of the Western District of Louisiana's website reveals that the Western District has no less than eight (8) district judges and senior district judges.  The Southern District of Mississippi has 10.  Yet, the Middle District of Louisiana only has three (3) active district judges.  Transfer from the Middle District of Louisiana would lessen court congestion and would not result in any administrative difficulties.  This factor favors transfer.

> ### 2.      **The Local Interest in Having Localized Controversies Decided at Home**

Courts in the Fifth Circuit have held that "this factor inquires as to whether the residents of the venue chosen by the plaintiff have an interest—that is, a stake—in the resolution of his controversy." *Norman v. H&E Equip. Servs.*, No. 3:14-CV-367, 2015 U.S. Dist. LEXIS 34928, at *20 (M.D. La. Mar. 20, 2015); *see also Util. Constructors, Inc.*, 2016 U.S. Dist. LEXIS 97895, at *24–25.  In *Volkswagen II*, for example, the Fifth Circuit found that the residents of a particular federal district did not have an interest in the case, "as they [were] not in any relevant way connected to the events that gave rise to th[e] suit."  545 F.3d at 318.  Similarly, in *Norman*, Judge deGravelles concluded that "the events that g[a]ve rise to th[e] suit ha[d] little relevant connection to the Middle District of Louisiana, and therefore the Middle District's residents ha[d] little interest or stake in having this case decided here."  2015 U.S. Dist. LEXIS 34928, at *21.  Judge deGravelles held that, because the underlying events occurred near Dallas, Texas, the residents of the Northern District of Texas "ha[d] an interest and stake in the resolution of this case." *Id.*

Here, the residents of the Middle District of Louisiana have no connection to or interest in this matter whatsoever. Indeed, the only connection between this case and the Middle District of Louisiana is the fact that Magnolia Marine, like countless other companies, has a registered agent for service of process in East Baton Rouge Parish. The sued-upon incident did not occur in East Baton Rouge Parish or in any other parish within the Middle District of Louisiana. Carr does not reside in the Middle District of Louisiana, or anywhere in Louisiana for that matter. Further, neither Magnolia Marine nor EMIS has any offices in the Middle District of Louisiana. The residents of the Middle District of Louisiana simply have no connection to or interest in this case. This factor favors transfer.

### 3.      The Familiarity of the Forum with the Law that will Govern the Case

This factor "has usually been taken into account when the law to be applied would be state law based on a federal court's diversity jurisdiction." *Johnson*, 2015 U.S. Dist. LEXIS 161605, at *15 n.68 (citing *U.S. United Ocean Servs., LLC v. Powerhouse Diesel Servs., Inc.*, 932 F. Supp. 2d 717, 733 (E.D. La. 2013)). If federal law is to be applied in a particular case, this factor is neutral. *See, e.g., U.S. United Ocean Servs., LLC*, 932 F. Supp. at 734 (concluding that this factor was neutral because the action was "a federal matter[] and both proposed districts [were] federal courts").

This is not a diversity case involving any issues of state law. Rather, as the Court is aware, the instant case is a limitation-of-liability proceeding pursuant to the Court's admiralty jurisdiction and federal statutory law. The Monroe Division of the Western District of Louisiana and the Southern District of Mississippi, Jackson Division, are equally familiar with admiralty law and federal statutory law as is this Court. *See, e.g., Empty Barge Lines II, Inc. v. Fisher*, 441 F. Supp. 2d 786, 800 (E.D. Tex. 2006) ("[T]here is no difference between the Eastern District's

and the Southern District's familiarity with the law that governs this case, as Plaintiffs' claims arise under federal admiralty law.  As such, this factor has no bearing on the transfer analysis.").  Accordingly, this factor is neutral.

### 4. The Avoidance of Unnecessary Problems of Conflict of Laws of the Application of Foreign Law

This case does not involve the application of foreign law.  Rather, as noted above, this is a limitation-of-liability proceeding involving the application of federal admiralty law.  There are no foreseen conflicts-of-law issues, and the presiding court will not need to apply foreign law.  This factor is also neutral.  *See In re Stokes*, No. 16-14645, 2016 U.S. Dist. LEXIS 165997, at *12 (E.D. La. Nov. 30, 2016) (finding this factor neutral in case involving the application of general maritime law).

### CONCLUSION

All of the private interest factors weigh in favor of transferring this case from the Middle District of Louisiana.  Two of the four public interest factors also weigh in favor of transfer, while the other two are neutral.  Importantly, not a single factor weighs against transferring this case from the Middle District of Louisiana.  This is a case that clearly should be transferred to the Monroe Division of the Western District of Louisiana or, alternatively, to the Southern District of Mississippi for the convenience of the parties and witnesses and in the interest of justice.  Magnolia Marine's motion should be granted.

{N3633753.1}

Respectfully submitted,


/s/ *Jefferson R. Tillery*

JEFFERSON R. TILLERY (#17831)
C. BARRETT RICE (# 30034)
JONES WALKER LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
Telephone:    504-582-8000
Facsimile:    504-589-8368
jtillery@joneswalker.com
brice@joneswalker.com

*Attorneys for Magnolia Marine Transport Company*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to opposing counsel of record via U.S. Mail or by facsimile, this 3rd day of August, 2018.


/s/ *Jefferson R. Tillery*

JEFFERSON R. TILLERY

{N3633753.1}

18