UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF MAGNOLIA MARINE TRANSPORT COMPANY AS OWNER AND OPERATOR OF THE M/V KATHERINE BERRY, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | *  C.A. NO. 17-645<br>*<br>*  DISTRICT JUDGE: BAJ<br>*<br>*  MAG. JUDGE: EWD<br>* |

## OPPOSITION TO MOTION TO TRANSFER VENUE

Claimant Mardriquez Carr opposes Petitioner Magnolia Marine Transport Company's motion to transfer venue (Rec. Doc. 21).

**I.     Introduction**

Mardriquez Carr lost several fingers while attempting to untie a vessel that had pulled alongside his employer's vessel on the Mississippi River. Carr sued his employer (Magnolia) as well as the owner of the other vessel in Baton Rouge state court. After the judge rejected Magnolia's effort to move the case to Mississippi—on grounds of convenience—the defendants filed (untimely) limitation of liability actions in this Court.

Now, Magnolia attempts to circumvent the previous court's ruling, asking this Court to transfer its limitation action. The motion should be denied for multiple reasons. First, the Court has not yet resolved a substantial challenge to its subject matter jurisdiction, which precludes a transfer. The motion is also untimely. Magnolia did not seek a transfer with "reasonable promptness," as required. Instead, it waited nearly a year to argue that this Court's location is too inconvenient. Finally, Magnolia has not "clearly demonstrate[d]" that transfer is warranted. In fact, it has not pointed to a single piece of physical or documentary evidence that would be burdensome to bring to trial here. Nor has it identified those witnesses who would be inconvenienced by trial here. Instead, Magnolia lodges the same arguments as it did in the state court action in an attempt

to get a second bite at the apple. The Court should deny this untimely and unsupported motion, as it clearly have not met its' burden.

## II. Background

### A. Carr was injured on Magnolia's vessel and filed suit; a Baton Rouge court ruled that convenience does not require transfer.

On October 21, 2016, Carr was working as a crewmember on the *KATHERINE BERRY*.[1] The *KATHERINE BERRY* is a push boat owned by Magnolia, a Mississippi company whose principal business establishment in Louisiana is in Baton Rouge.[2] The *KATHERINE BERRY* was traveling south on the Mississippi River, in a section that is entirely within Louisiana's borders.[3]

Another boat pulled alongside to deliver supplies. This vessel, the *BV 379*, is owned by Ergon Marine & Industrial Supply, Inc.[4] Ergon is also a Mississippi company whose principal Louisiana business establishment is in Baton Rouge.[5] After the *BV 379*'s supplies were unloaded, Carr helped untie it for departure. Suddenly, the slack rope in Carr's hand tightened, amputating several fingers. As a result Carr has had to undergo medical treatment in Mississippi and Texas.[6]

Carr ultimately sued Magnolia and Ergon in state court in East Baton Rouge Parish in January 2017.[7] Months later, Magnolia and Ergon asserted that Baton Rouge was an improper venue and, alternatively, asked the state court to dismiss the case for refiling in Mississippi, as a matter of convenience.[8] The court ruled that Baton Rouge (1) was a proper venue, and (2) was not so inconvenient for the parties and witnesses as to necessitate moving the case.[9]

---

[1] Rec. Doc. 21-5, pp. 14-15 (Carr affidavit, ¶¶ 2-3).
[2] Rec. Doc. 21-5, p. 33 (Magnolia application to transact business in Louisiana).
[3] *E.g.*, Rec. Doc. 21-5, pp. 14-15 (Carr affidavit, ¶ 3). Magnolia does not dispute for present purposes that the accident occurred in Louisiana. Rec. Doc. 21-1, p. 4.
[4] Rec. Doc. 21-5, p. 28 (Coast Guard Certificate of Inspection for *BV 379*).
[5] Rec. Doc. 21-5, pp. 48, 50 (Ergon application to transact business in Louisiana).
[6] Rec. Doc. 21-5, p. 14 (Carr affidavit, ¶ 7).
[7] Rec. Doc. 21-2.
[8] Exhibit 1, memorandum in support of venue exception and forum non conveniens motion.
[9] Exhibit 2, judgment denying the exception and forum non conveniens motion.

> **B.  Nearly a year after filing its limitation-of-liability suit in this Court, Magnolia again seeks a different venue based on convenience.**

Both Magnolia and Ergon then filed limitation of liability actions in this Court.[10] The Court stayed Carr's state court action. Thereafter, the parties have proceeded with written discovery, several depositions, and substantive motion practice—including Carr's motion to dismiss the limitation action as untimely.[11] The motion remains pending. Before this Court could rule, however, Magnolia filed the present motion, seeking transfer to the Western District of Louisiana–Monroe or, alternatively, to the Southern District of Mississippi–Jackson. Niether transfer is with merit.

**III.  Law and Argument**

> **A.  A discretionary motion to transfer venue may be granted only when the movant "clearly demonstrate[s]" that transfer is warranted.**

Magnolia's motion invokes Supplemental Admiralty Rule F(9), which allows, under some circumstances, for a discretionary venue transfer based on "the convenience of parties and witnesses [and] the interest of justice." This rule tracks the general venue transfer rule of 28 U.S.C. § 1404, and courts look to the § 1404 factors in resolving a transfer motion under Rule F(9).[12]

In the Fifth Circuit, courts consider the following factors in applying § 1404: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests

---

[10]  Rec. Doc. 1 (Magnolia); *see also* Rec. Doc. 1 in case number 17-647 (Ergon).
[11]  Rec. Doc. 13 (Carr's motion to dismiss Magnolia's limitation action as untimely); *see also* Exhibit 3 (Carr deposition excerpts); Exhibit 4 (Brickhouse deposition excerpts); Exhibit 5 (Cochran deposition excerpts); Exhibit 6 (excerpts of Carr discovery responses).
[12]  Fed. R. Civ. P., Supp. Admiralty R. F, cmt. to Subdiv. (9); *Matter of Stokes*, No. 16-14645, 2016 WL 7012301, at *2 (E.D. La. Dec. 1, 2016).

3

decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."[13]

The Court gives deference to the plaintiff's choice of a Baton Rouge venue. This deference puts the burden of proof on the movant, such that the motion should not be granted unless Magnolia "clearly demonstrate[s]" that a transfer serves convenience and the interests of justice.[14]

### B.   The Court should deny this motion for lack of subject matter jurisdiction.

A prerequisite to utilizing federal venue transfer provisions is that the transferring court has subject matter jurisdiction.[15] Thus, before ruling on a motion to transfer, the Court must assure itself of its own jurisdiction.[16] Here, Carr has filed a motion to dismiss Magnolia's limitation action for lack of subject matter jurisdiction. As shown in that motion, Magnolia filed its limitation action on the day *after* the relevant limitations period expired, which, under Fifth Circuit precedent, deprives the Court of subject matter jurisdiction.[17] Because the Court lacks subject matter jurisdiction, it should dismiss the limitation action and deny this motion as moot.[18]

### C.   Alternatively, the Court should deny this motion as untimely.

The Fifth Circuit teaches that venue-transfer motions must be filed with "reasonable promptness."[19] Although "garden-variety delay" associated with a prompt motion may be overlooked, a party's substantial delay in seeking transfer is grounds for denial of the motion.[20]

---

[13]   *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).
[14]   *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).
[15]   *Adams v. Unione Mediterranea Di Sicurta*, No. 94-1954, 2001 WL 823733, at *4 (E.D. La. July 19, 2001).
[16]   *E.g.*, *Sharpe v. Zimmer, Inc.*, No. 09-3018, 2009 WL 10690660, at *2 (E.D. La. May 4, 2009).
[17]   *E.g.*, Rec. Doc. 13-1, p. 5.
[18]   15 Fed. Prac. & Proc. Juris. § 3844, Procedure for Transfer (4th ed.) ("If subject matter jurisdiction is lacking, Section 1404(a) provides no power to do anything with the case.").
[19]   *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).
[20]   *In re Radmax, Ltd.*, 720 F.3d at 289; *id.* at 289 n.7 ("We note that Radmax moved for change of venue promptly—three weeks after being served with process."); *see also Utterback v. Trustmark Nat'l Bank*, 716 F. App'x 241, 245 (5th Cir. 2017); *O'Connor v. Smith*, No. 10-77, 2010 WL 4366914, at *1 (S.D. Tex. Oct. 28, 2010); *see also Ralph v. Exxon Mobil Corp.*, No. 05-655, 2006 WL 2266258, at *4 (S.D. Tex. Aug. 8, 2006) (six-month delay "outweighs all of the other factors supporting transfer").

Magnolia filed this action on September 14, 2017.[21] Since then, the parties have conducted written discovery and depositions without issue; they have also engaged in substantive motion practice, which the Court likely has expended resources in considering.[22] Ten and a half months later, Magnolia now asks the Court to transfer the case. This motion is not reasonably prompt.[23] Magnolia offers no explanation for its tardiness. Indeed, Magnolia knew of the supposed justifications for its motion as early as March 2017, when it made essentially the same arguments—based on largely the same evidence—to the Baton Rouge state court.[24] Magnolia's unexplained delay suggests that its motion is a dilatory tactic and should be denied on that basis.[25]

### D. Regardless, the Court should deny this motion for Magnolia's failure to "clearly demonstrate" that transfer is warranted.[26]

#### 1. Relative ease of access to sources of proof.

On the merits, Magnolia must show that access to proof makes its proposed venues more convenient. It has not. Though Carr's injuries occurred in Madison Parish, Magnolia does not show how this makes litigation in Baton Rouge inconvenient. It does not point to any physical evidence remaining at the scene of the accident that might need to be transported to Baton Rouge for trial, because there is none. Nor does it suggest that the Court would need to view the premises as part

---

21  Rec. Doc. 1.
22  *See* Rec. Doc. 21-6 (excerpts of Carr's deposition); *see also* Rec. Doc. 13 (Carr's motion to dismiss Magnolia's untimely limitation action); *see also* Rec. Docs. 14, 17, 20, 22.
23  *E.g.*, *O'Connor*, 2010 WL 4366914, at *1 n.1 (denying transfer after 4-month delay); *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 16-0134, 2017 WL 750290, at *9 (E.D. Tex. Feb. 27, 2017) (6 months); *N2 Consulting, LLC v. Engineered Fastener Co.*, No. 02-0308, 2002 WL 31246770, at *2 (N.D. Tex. Oct. 2, 2002) (6 months); *F.T.C. v. Multinet Mktg., LLC*, 959 F. Supp. 394, 395 (N.D. Tex. 1997) (7 months); *Diem LLC v. BigCommerce, Inc.*, No. 17-00186, 2017 WL 6729907, at *5 (E.D. Tex. Dec. 28, 2017) (8 months).
24  Exhibit 1, memorandum in support of venue exception and alternative motion to dismiss for forum non conveniens (relying on the declarations of Roger Harris and Danny Koestler); *see also* Rec. Docs. 21-3 (Roger Harris declaration) and 21-4 (Danny Koestler declaration).
25  *Elbit Sys. Land & C4i Ltd. v. Hughes Network Sys., LLC*, No. 15-00037-RWS, 2017 WL 4693513, at *13 (E.D. Tex. July 19, 2017); *Novartis Vaccines & Diagnostics, Inc. v. Wyeth*, No. 08-00067, 2010 WL 1374806, at *5 (E.D. Tex. Mar. 31, 2010).
26  Carr will not address factors 7 and 8 because he agrees with Magnolia that these factors are neutral.

of the parties' evidentiary submissions at trial.[27] In any event, Magnolia's vessel, the *KATHERINE BERRY* regularly travels the lower Mississippi river, making routine stops in Baton Rouge.[28] Thus, if the Court did need to inspect this vessel, Baton Rouge would be more convenient than the other proposed venues because (unlike the others) it is located on the Mississippi River.

Magnolia also vaguely cites to "documentary evidence" that it asserts is located in Mississippi, but it does not provide any specifics—*i.e.*, what that evidence is, whether it will be used at trial, or to what extent it would be difficult or inconvenient to transport that evidence to Baton Rouge. To date the parties have had no issue obtaining documentary evidence. As such, this fails to support transfer.[29]

### 2. Availability of compulsory process to secure witness attendance.

Magnolia asserts that "all witnesses" are located in Mississippi making transfer (presumably to the Southern District of Mississippi) appropriate due to that court's subpoena power. But Magnolia does not identify the witnesses that it intends to call or the testimony they would present. This is insufficient and does not meet its burden on this factor.[30]

Magnolia's argument is also factually incorrect. The witnesses are located across the Gulf South. Three of the *KATHERINE BERRY* crewmembers live in Louisiana.[31] Additionally, Carr has

---

[27] *Cf. Util. Constructors, Inc. v. Liberty Mut. Ins. Co.*, No. 15-00501, 2016 WL 4033977, at *6 (M.D. La. July 25, 2016) (noting that the jury's view of the project site itself was likely to be a "primary source of proof").
[28] Rec. Doc. 21-5, p. 14 (Carr affidavit, ¶ 5).
[29] *Utterback v. Trustmark Nat'l Bank*, 716 F. App'x 241, 245 n.10 (5th Cir. 2017) ("Without more, we cannot credit such vague and conclusional assertions."); *Diem LLC v. BigCommerce, Inc.*, No. 17-00186, 2017 WL 6729907, at *2 (E.D. Tex. Dec. 28, 2017) (same); *Ralph v. Exxon Mobil Corp.*, No. 05-655, 2006 WL 2266258, at *3 (S.D. Tex. Aug. 8, 2006) (denying transfer; "the location of books and records is generally of little importance in a personal injury case" and movant failed to show inconvenience associated with transfer); *Arenas v. Calhoun*, No. 16-1203, 2017 WL 4564024, at *4 (W.D. Tex. Oct. 12, 2017) (technological advancements reduce inconvenience in accessing documentary evidence).
[30] *N2 Consulting, LLC v. Engineered Fastener Co.*, No. 02-0308-BD, 2002 WL 31246770, at *3 (N.D. Tex. Oct. 2, 2002) ("A party seeking a transfer on that basis must specifically identify the key witnesses and outline the substance of their testimony.") (internal citations and quotation marks omitted); *F.T.C. v. Multinet Mktg., LLC*, 959 F. Supp. 394, 396 (N.D. Tex. 1997).
[31] *E.g.*, Rec. Doc. 21-5, p. 14 (Carr affidavit, ¶ 6); Rec. Doc. 21-5, pp. 20-22 (*KATHERINE BERRY* crew lists). Moreover, Magnolia has the power to compel its employee witnesses to attend trial, which "diminishes or

6

received treatment in Mississippi and in Texas, including with Dr. Victoria Do, Dr. Fernando Levaro, and Advanced Diagnostics (each from Houston); and he has engaged various professionals to assist him in proving his case, including Dr. Todd Cowen (Thibodaux), Captain John Pierce (Corpus Christi), and Dr. Kenneth McCoin (Houston).[32]

Thus, none of the venues have absolute subpoena power over all the witnesses. This Court as well as the Western District of Louisiana can reach Louisiana witnesses, but they cannot reach witnesses in Texas or witnesses in Mississippi that are more than 100 miles away; likewise, the Southern District of Mississippi can reach Mississippi witnesses but not Texas witnesses or those in Louisiana and more than 100 miles away.[33] Under such circumstances—where the various courts' subpoena powers reach some but not all witnesses—this factor is at most neutral.[34]

### 3. Cost of attendance for willing witnesses.

Magnolia does not identify the witnesses who will be inconvenienced by trial in Baton Rouge.[35] Thus, Magnolia fails to show that this factor favors transfer.[36] Nevertheless, Baton Rouge is not inconvenient for Magnolia witnesses. Even those Magnolia crewmembers who do not live in Louisiana are regularly in Baton Rouge as part of their employment.[37] Additionally, the captain

---

even negates" Magnolia's inconvenience argument with respect to them. *Gregoire v. Delmar Sys., Inc.*, No. 05-2812, 2005 WL 3541051, at *2 (E.D. La. Dec. 5, 2005). Additionally, Magnolia's and Ergon's boat captains have been deposed (Exhibits 4 and 5). Their testimony, therefore, is preserved and can be presented electronically if they cannot come to trial for any reason.

[32] Rec. Doc. 21-5, p. 14-15 (Carr affidavit, ¶¶ 7-8). Notwithstanding anything herein, Carr reserves his right to later seek to return to state court to try the issue of damages if and when the Court denies Magnolia the right to limit its liability (to the extent the Court does not dismiss this action earlier).

[33] Fed. R. Civ. P. 45(c)(1).

[34] *Matter of Stokes*, No. 16-14645, 2016 WL 7012301, at *3 (E.D. La. Dec. 1, 2016; *Adaptix, Inc. v. Alcatel-Lucent USA, Inc.*, No. 12-122, 2014 WL 12600209, at *4 (E.D. Tex. Jan. 8, 2014).

[35] Magnolia cites only to one witness, Dr. Linaweaver, who has treated Mr. Carr. Rec. Doc. 21-1, p. 12.

[36] *Utterback v. Trustmark Nat'l Bank*, 716 F. App'x 241, 245 n.10 (5th Cir. 2017); *Diem LLC v. BigCommerce, Inc.*, No. 17-00186, 2017 WL 6729907, at *4 (E.D. Tex. Dec. 28, 2017) ("vague assertions with respect to . . . witnesses are insufficient to weigh the convenience for trial").

[37] Rec. Doc. 21-5, p. 14 (Carr affidavit, ¶ 5); *see also Gregoire v. Delmar Sys., Inc.*, No. 05-2812, 2005 WL 3541051, at *2 (E.D. La. Dec. 5, 2005) (reduced inconvenience of litigating in New Orleans where movant's employees were routinely transported across southern Louisiana as part of routine business operations). Moreover, Magnolia has the power to compel its employee witnesses to attend trial, which "diminishes or even negates" Magnolia's inconvenience argument with respect to them. *Gregoire v. Delmar Sys., Inc.*, No.

of the *KATHERINE BERRY* lives in Repton, Alabama, which is closer to Baton Rouge than to one of Magnolia's proposed venues.[38] Further, the Magnolia doctor that evaluated Carr is located in Metairie, which is much closer to Baton Rouge than to either Monroe or Jackson.[39]

Baton Rouge is more convenient for other witnesses, too. Mr. Carr's doctors and economist in Houston would have to travel 335 miles to Monroe, or 443 miles to Jackson, but only 269 miles to Baton Rouge. Mr. Carr's life-care planner in Thibodaux would have to travel 254 miles to Monroe, or 207 miles to Jackson, but only 69 miles to Baton Rouge. Corpus Christi, the location of Mr. Carr's maritime expert, is 543 miles from Monroe, and 652 miles from Jackson, but only 477 miles from Baton Rouge.

Ultimately, the witnesses are spread over a large multi-state area. While the Western District of Louisiana or the Southern District of Mississippi might be more convenient for some witnesses, the Middle District of Louisiana is undoubtedly more convenient for others. Transfer is not proper where it would merely shift inconvenience from some to others.[40]

### 4. Practical problems that make trial easy, expeditious and inexpensive.

Two important practical points weigh against transfer. First, even if the Court does not deny this motion outright for untimeliness, it may consider untimeliness as a factor.[41] Magnolia waited ten and a half months before asserting that Baton Rouge was too inconvenient. Meanwhile, this case has proceeded with discovery and motion practice. A transfer now would grind this

---

05-2812, 2005 WL 3541051, at *2 (E.D. La. Dec. 5, 2005). Additionally, Magnolia's boat captains have been deposed; their testimony, therefore, is preserved and can be presented electronically at trial if they are unavailable for any reason.

[38] Exhibit 4, p. 7. Repton is 339 miles from Monroe but only 282 miles from Baton Rouge.

[39] Exhibit 3 (Carr deposition), p. 237. Metairie is 76 miles from Baton Rouge, 277 miles from Monroe, and 182 miles from Jackson.

[40] *See Gilmore v. Office of Alcohol & Tobacco Control*, No. 14-434, 2015 WL 5680370, at *2 (M.D. La. Sept. 25, 2015) (transfer not warranted where each venue would be better for some but not other witnesses); *Empire Indem. Ins. Co. v. N/S Corp.*, No. 11-166, 2011 WL 3648510, at *6 (E.D. Tex. July 20, 2011), *report and recommendation adopted*, No. 11-166, 2011 WL 3651817 (E.D. Tex. Aug. 16, 2011), *aff'd*, 571 F. App'x 344 (5th Cir. 2014).

[41] *E.g.*, *Diem LLC*, 2017 WL 6729907, at *5.

8

progressing case to a halt, causing substantial delay and prejudice. It would also moot the time and resources the Court has expended on this case in the past year. Magnolia's failure to file its motion with reasonable promptness thus weighs against transfer.[42]

Second, the accident was caused by two defendants—Magnolia and Ergon. Both filed limitation actions; both asserted claims in the other's suit, alleging the other's fault.[43] Yet only Magnolia seeks a transfer. Thus, there are at present two related actions arising out of the same incident. Transferring Magnolia's action could thus require the same documents and witnesses to be present at two related trials located almost 200 miles apart.[44] The inconvenience, inefficiency, and unnecessary duplication that would result weighs against transfer.[45]

### 5. Administrative difficulties flowing from court congestion.

Magnolia fails to show that court congestion favors transfer. The Southern District of Mississippi–Jackson has three active judges and two on senior status. The Western District of Louisiana–Monroe has just one active judge and one on senior status. In comparison, this Court has three active judges and one on senior status. Moreover, this Court has competently managed this case for nearly a year, and the parties have been able to access evidence and conduct discovery without issue. Thus, nothing suggests that transfer to any of Magnolia's proposed alternate venues would lessen court congestion or serve any purpose other than delay.

### 6. Local interest in having localized interests decided at home.

This case has connections to Baton Rouge that create a local interest. Baton Rouge lies on

---

[42] *E.g.*, *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 16-0134, 2017 WL 750290, at *9 (E.D. Tex. Feb. 27, 2017); *see also supra*, note 26.
[43] Rec. Doc. 7, ¶ 9; *see also* Rec. Doc. 4 in case number 17-647, ¶ 7.
[44] Baton Rouge is 186 miles from Monroe and 177 miles from Jackson.
[45] *Compare Matter of Stokes*, No. 16-14645, 2016 WL 7012301, at *4 (E.D. La. Dec. 1, 2016) (three related cases in the EDLA weighed against transfer), *with Util. Constructors, Inc. v. Liberty Mut. Ins. Co.*, No. 15-501, 2016 WL 4033977, at *8 (M.D. La. July 25, 2016) (related case in proposed venue favored transfer).

the Mississippi River and is a regular stopping point for Magnolia's vessel and crew.[46] Further, Magnolia does business in Louisiana and has designated Baton Rouge as the site of its principal business establishment here.[47] These and other points were presented to the state court when Magnolia last argued (unsuccessfully) the inconvenience of litigating in Baton Rouge. Magnolia's attempt to get a do-over on essentially the same evidence should be rejected.

Magnolia points out this litigation's connections to various other locations. But ultimately, this might show, at most, that the matter is not "localized" at all.[48] This case involves Mississippi parties (and an Alabama boat captain) involved in an accident in Louisiana, which has resulted in medical treatment in Texas. The lack of any central situs makes this factor at most neutral.[49]

## IV. Conclusion

For the foregoing reasons, the Court should deny this motion.

Respectfully submitted,

ARNOLD & ITKIN, LLP

*/s/ Kyle Findley*
J. Kyle Findley (#34922)
kfindley@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850

**ATTORNEY FOR CLAIMANT**

---

[46] Rec. Doc. 21-5, p. 14 (Carr affidavit, ¶ 5).
[47] Rec. Doc. 21-5, p. 33 (Magnolia application to transact business in Louisiana). Ergon, the other claimant in Magnolia's limitation action, has done likewise. Rec. Doc. 21-5, pp. 48, 50.
[48] *See Kirkland v. Deluxe Small Bus. Sales, Inc.*, No. 16-73, 2016 WL 9402787, at *8 (M.D. La. July 27, 2016); *cf. Al Copeland Inv., LLC v. First Specialty Ins. Corp.*, No. 16-16346, 2017 WL 2831689, at *11 (E.D. La. June 29, 2017), *aff'd*, 884 F.3d 540 (5th Cir. 2018) (forum-non-conveniens analysis).
[49] This case is distinguishable from *In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004) and *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008), where local interests at the proposed venues existed because they were the locations of the accidents *and* the places of residence of one or more parties and most witnesses.

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system, which will send notification of electronic filing to all counsel of record on August 24, 2018.

                                                */s/ Kyle Findley*
                                                Kyle Findley